IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02092-MSK-KLM

MARGARET MARTINEZ, et al.,

    Plaintiffs,

v.

NASH FINCH COMPANY, d/b/a Avanza Supermarket,

    Defendant.

---

## ORDER

---

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's partially opposed **Motion for Entry of Protective Order** [Docket No. 36; Filed April 13, 2012] (the "Motion"). On May 4, 2012, Plaintiffs filed a Response [#40]. Defendant has not timely filed a Reply.

On April 3, 2012, the Court held a hearing in which it ordered the parties to submit a stipulated Protective Order to the Court. *Minutes* [#35] at 2. The Court stated that, if the parties were unable to agree on the terms of a stipulated Protective Order by that date, the Court would enter an appropriate Protective Order. *Id.* The primary point of contention between the parties involves approximately 5,000-to-10,000 documents previously marked as confidential by counsel for Defendant in prior litigation, *Payan v. Nash Finch Co.*, pursuant to a protective order entered in that case. Plaintiffs here argued that Defendant should be required to review those documents again before producing them in the present litigation.

On April 13, 2012, Defendant filed the present Motion, seeking entry of its proposed Protective Order [#36-1].  In their Response, Plaintiffs objected to Paragraph 3 of the proposed Protective Order, which states:

> *Documents Previously Designated in Payan.*  Documents produced in this case that were previously designated "Confidential" or "Highly Confidential" under the Stipulated Protective order entered on June 8, 2009 in *Payan v. Nash Finch Co.*, No. 2008CV2031, District Court for Adams County, Colorado ("*Payan*" Confidential Documents") shall be treated as Confidential Information under this Protective Order.

*Proposed Protective Order* [#36-1] ¶ 3.  Without citing to any case law or specific Federal Rule of Civil Procedure discovery clause, Plaintiffs argue that Paragraph 3 "obviates the obligation of the designating party to preview documents before they are designated as confidential" and that Paragraph 3 "shifts the burden from the designating party to the non-designating party in contravention to the Federal Rules of Civil Procedure." *Response* [#40] at 1-2.

Plaintiffs offered no reason either in their Response or at the hearing as to why the confidentiality designation in the prior litigation may have been broader than the confidentiality designation of those documents in the present matter.  Plaintiffs' suspicion that the *Payan* documents were somehow over-designated as confidential is pure speculation.  Counsel for Defendant has already once reviewed the documents at issue here.  The Court noted at the hearing and again finds here that it would be unduly burdensome and unreasonable to require counsel for Defendant to review the 5,000-to-10,000 *Payan* documents for confidentiality in this matter when they have already been reviewed by counsel for Defendant in the *Payan* litigation pursuant to identical requirements for designation of confidentiality, the terms of which have already been

disclosed to Plaintiffs' counsel. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). The Court also noted at the hearing and again here highlights the fact that either party may challenge the confidentiality designation of any document labeled as such in the *Payan* litigation pursuant to the terms of the proposed Protective Order. *See Proposed Protective Order* [#36-1] ¶ 19. Thus, for the reasons stated herein and on the record at the April 3, 2012 hearing,

IT IS HEREBY **ORDERED** that the Motion [#36] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that the Protective Order [#36-1] supplied by Defendant is **accepted** for filing and entered as an Order of the Court as of the date of this Minute Order.

Dated: May 29, 2012