IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02092-MSK-KLM

MARGARET MARTINEZ, et al.,

    Plaintiffs,

v.

NASH FINCH COMPANY, d/b/a Avanza Supermarket,

    Defendant.

_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Rule 37 Motion for Sanctions** [Docket No. 58; Filed August 15, 2012]; on Plaintiffs' **Motion to Withdraw as Counsel of Record for Plaintiff Maria Lariz** [Docket No. 76; Filed October 25, 2012], filed by Attorney J. Kyle Bachus ("Bachus"), Attorney James Olson ("Olson"), and Attorney Colleen Calandra ("Calandra"); on Plaintiffs' **Motion to Withdraw as Counsel** [Docket No. 82; Filed November 7, 2012], filed by Attorneys Bachus, Olson, and Calandra; and on the **Unopposed Motion to Join Docket Nos. 76 and 82** [Docket No. 91; Filed November 26, 2012], filed by Attorney W. Richard Kroeger ("Kroeger").

### I. Background

Plaintiffs initiated this putative class action lawsuit[1] against Defendant on June 22, 2011, naming eighty-three Plaintiffs in the Amended Complaint [#3]. On January 31, 2012, Defendant served each Plaintiff with identical sets of written discovery, consisting of eight

---

[1] Plaintiffs' Motion to Certify Class Pursuant to Fed. R. Civ. P. 23 [#49] is pending.

interrogatories and eight requests for production of documents. *See Ex. 1A to Motion* [#58-1]. On April 3, 2012, the Court granted Defendant's motion to compel outstanding responses from 74 Plaintiffs, requiring responses by April 17, 2012 for some Plaintiffs and May 4, 2012 for the others. *Minutes* [#35]. As of the final deadline, which was extended for two weeks, 23 responses remained outstanding. *Minute Order* [#42]; *Motion* [#58] at 2. On July 31, 2012, the Court ordered Plaintiffs to serve all outstanding discovery responses by August 9, 2012. *Minutes* [#55]. The Court further ordered: "In the event that the Plaintiffs fail to respond by that date and fail to indicate that they are no longer parties to this litigation, the Court will impose sanctions." *Id.* Finally, the Court ordered: "In the event that Plaintiffs fail to respond **and** fail to withdraw, Defendant shall file a Motion for Sanctions . . . ." *Id.* Defendant timely did so. *Motion* [#58].

Plaintiffs' counsel obtained responses from a few additional Plaintiffs. However, faced with a number of unresponsive Plaintiffs, Plaintiffs' counsel consulted with an ethics attorney in mid-August for advice on how to ethically deal with these Plaintiffs. *Response* [#64] at 2. The following week, in connection with that advice, Plaintiffs' counsel served the Court's July 31, 2012 Order [#55] along with letters written in Spanish to each of the unresponsive Plaintiffs, informing them that their counsel intended to withdraw from their representation. *Id.*; *Aff. of Calandra* [#64-1]. Plaintiffs' counsel then sought leave to withdraw from the Court. *Notice of Withdrawal* [#63]; *Motion to Withdraw* [#82]. In addition, Plaintiffs' counsel have sought leave to withdraw from representing Plaintiff Maria Lariz, who failed to appear for her deposition set for October 23, 2012, and who was thereafter unresponsive to contact by Plaintiffs' counsel. *Motion to Withdraw* [#76]. Accordingly, Plaintiffs' counsel seek to withdraw representation from the following 21 Plaintiffs: Juan

Carlos Arrendondo, Rafael Castaneda, Carolina Cruz, Prudencia De La Rosa, Rosaura L. De Meraz, Maria Del Carmen-Salazar, Jose Espitia, Jr., Ramon Holguin, Maria de Jaco, Claudia Javier, Ana Melgar, Jose Juan Ramirez, Marisela Romero, Jose Luis Sanchez, Marisela Sayago, Irma Skinner, Miguel Toledo, Adelia Valdez, Juana Martinez, Raymond Valdez, and Maria Lariz (collectively, the "Unresponsive Plaintiffs").

## II.  Analysis

The Court first addresses Defendant's Motion for Sanctions [#58] before turning to Plaintiffs' Motions to Withdraw [#76, #82, #91].

### A.  Motion for Sanctions

Defendant seeks sanctions pursuant to Fed. R. Civ. P. 37(b) and (d) based on the Unresponsive Plaintiffs' collective failure to respond to written discovery and failure to obey discovery orders. Defendant seeks three forms of relief: (1) dismissal of the Unresponsive Plaintiffs; (2) verification pages for the interrogatory responses provided by Plaintiffs Juana Martinez, Maria Elena Castonon, Juan Rodriguez, and Tina Montez; and (3) an award of expenses and attorney's fees against the Unresponsive Plaintiffs' counsel. The Court addresses Defendant's second request first.

#### 1.  Verification Pages

Defendant seeks verification pages for the interrogatory responses provided by Plaintiffs Juana Martinez, Maria Elena Castonon, Juan Rodriguez, and Tina Montez. *Motion* [#58] at 4; *Response* [#64] at 4-5.

In their Response, Plaintiffs' counsel state that they were unable to obtain a verification page from Plaintiff Juana Martinez and, therefore, they seek to withdraw from representation of Juana Martinez, as discussed below. *Response* [#64] at 4. However, as

-3-

of September 17, 2012, Plaintiffs' counsel assert that the verification pages for Plaintiff Maria Elena Castonon, Juan Rodriguez, and Tina Montez were obtained and sent to Defendant's counsel. *Status Report* [#72]. The Court therefore deems this request for relief as moot, including Defendant's alternate request on this issue, that these Plaintiffs appear for depositions at the expense of Plaintiff's counsel, plus attorney's fees. *Motion* [#58] at 3. Accordingly, the Court **DENIES as moot** Defendant's Motion for Sanctions on this issue.

### 2. Dismissal of Unresponsive Plaintiffs

Defendants seek dismissal of the Unresponsive Plaintiffs' as a sanction pursuant to Fed. R. Civ. P. 37. *See, e.g.*, *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008). To date, the conduct of the Unresponsive Plaintiffs demonstrates a lack of interest in prosecuting this case as well as a failure to comply with several Court Orders and Local Rules. The Court is not their advocate and must recommend dismissal if circumstances warrant that outcome. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court finds that the Unresponsive Plaintiffs have failed to meaningfully participate in their case. Specifically, they have failed to comply with at least two Court Orders: (1) they failed to comply with the Order [#35, #42] requiring their responses to Defendant's written discovery by May 18, 2012, and (2) they failed to comply with the Order [#55] requiring their responses to Defendant's written discovery by August 9, 2012. Moreover, their failure to participate in discovery, including Plaintiff Maria Lariz's failure to attend her deposition, and their failure to remain generally responsive to repeated contact

from their counsel are collectively viewed as a failure to prosecute their case.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). The Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the part[ies] do[ ] not unknowingly lose [their] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### a. Prejudice to Defendants

From a review of the case file, the Court finds that the Unresponsive Plaintiffs' neglect of their case has prejudiced Defendant. Defendant defended the lawsuit in good faith, propounded discovery, attended hearings, and prepared Court documents.

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

Moreover, the Unresponsive Plaintiffs' failure to participate in discovery has prejudiced Defendant's ability to defend against the allegations made by them in their Complaint. Allowing the case to proceed when their unresponsiveness makes their whereabouts unknown would require Defendant to expend further unnecessary time and expense to defend against a case which these Plaintiffs appear to have no interest in prosecuting. This factor weighs in favor of dismissal.

### b. Interference with the Judicial Process

The Court concludes that the Unresponsive Plaintiffs' failure to prosecute their case, and specifically their failure to comply with Court Orders and the Local Rules, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Their failure to contact the Court or put themselves in a position to comply with Court Orders evidences lack of respect for the Court and the judicial process. In particular, their neglect has caused the undersigned and her staff to expend unnecessary time and effort. The Court's frequent review of the case file, holding of futile discovery hearings, and issuance of this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). This factor weighs in favor of dismissal.

### c. Culpability of the Unresponsive Plaintiffs

These Plaintiffs have, without providing any excuse, ignored their case

responsibilities and failed to move this case forward. The Court provided them with ample opportunities to litigate their case, but they have chosen not to participate. As voluntary litigants, it is their responsibility, with the help of their counsel, to ensure that they comply with case deadlines, Court Orders and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). It is solely the responsibility of these Plaintiffs to ensure that their counsel know of their whereabouts. Considering the history of this case, the Court must conclude that the Unresponsive Plaintiffs' failures have been willful, and that they are therefore responsible for their own noncompliance. This factor weighs in favor of dismissal.

### d. Advance Notice of Sanction of Dismissal

The Unresponsive Plaintiffs were warned by the Court, through their counsel, that they risked dismissal of their case if they failed to move the case forward or to comply with Court Orders. *See, e.g.*, *Minutes* [#55]. To the extent that Plaintiffs may not have received the warnings because they failed to keep in contact with their counsel, the responsibility for lack of notice falls on their shoulders. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise the Unresponsive Plaintiffs of the potential for dismissal in this case do not prevent this result. *See, e.g.*, *Lynn*, 2006 WL 2850273, at *7.

### e. Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective. Given that, for the most part, these Plaintiffs have not been in contact with their counsel or the Court for several months, at a minimum, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a

substantial relationship to their misconduct. Considering the history of the case, it is apparent that these Plaintiffs are no longer interested in and/or capable of prosecuting their claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

Accordingly, the Court respectfully **RECOMMENDS** that the Motion for Sanctions be **GRANTED** on this issue and that the Unresponsive Plaintiffs be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 37 and 41(b).

### 3. Monetary Sanctions

Defendant also seeks monetary sanctions, including: (1) the reasonable expenses incurred in bringing its Motion for Sanctions [#58]; (2) "the reasonable expenses incurred in bringing the two motions resulting in the orders Plaintiffs[ ] disobeyed;" and (3) "the reasonable expenses incurred in the numerous and repeated conferrals on this issue." *Motion* [#58] at 12. Defendant fails to provide the Court with any specifics regarding these "reasonable expenses," including with respect to the sought-after attorney's fees. *See* D.C.COLO.LCivR 54.3 (enumerating the information a motion for fees must contain). Accordingly, without deciding whether Defendant is entitled to monetary sanctions against any Plaintiff or Plaintiffs' counsel, the Motion for Sanctions is **DENIED without prejudice** on this issue.

### B. Motions to Withdraw as Counsel

Plaintiffs' counsel seeks to withdraw as counsel of record for the Unresponsive Plaintiffs. However, as an initial matter, the Court has previously noted that Attorney Olson is not listed on the electronic docket as representing any Plaintiff in this matter. *See* [#86]. Therefore,

IT IS HEREBY **ORDERED** that the Motions to Withdraw [#76, #82] are **DENIED as moot** as to Attorney Olson only.

IT IS FURTHER **ORDERED** that Attorney Kroeger's Motion to Join Docket Nos. 76 and 82 [#91], which are the above-listed Motions to Withdraw as Counsel, is **GRANTED**.

IT IS FURTHER **ORDERED** that the Motions to Withdraw [#76, #82] are **GRANTED**, with the following stipulation: that Attorneys Bachus, Calandra, and Kroeger shall ensure that a copy of this Order and Recommendation is mailed to each of the 21 Unresponsive Plaintiffs at each Unresponsive Plaintiff's last known address, along with a letter in Spanish summarizing and explaining this Order and Recommendation and informing them of their right to object to their dismissal from this matter. Plaintiffs' counsel shall do so **within ten business days** from entry of this Order and Recommendation. Once they have done so, they shall file a Notice on the electronic docket affirming that they have complied with this Order. Upon the filing of that Notice, Attorneys Bachus, Calandra, and Kroeger are relieved of any further representation of the Unresponsive Plaintiffs in this case and the Clerk of the Court is instructed to terminate Attorneys Bachus, Calandra, and Kroeger as counsel of record for Plaintiffs Juan Carlos Arrendondo, Rafael Castaneda, Carolina Cruz, Prudencia De La Rosa, Rosaura De Meraz, Maria Del Carmen-Salazar, Jose Espitia, Ramon Holguin, Maria Jaco, Claudia Javier, Ana Melgar, Jose Juan Ramirez, Marisela Romero, Jose Luis Sanchez, Marisela Sayago, Irma Skinner, Miguel Toledo, Adelia Valdez, Juana Martinez, Raymond Valdez, and Maria Lariz.

### III. Conclusion

In summary, as outlined above,

IT IS HEREBY **ORDERED** that the Motion for Sanctions [#58] is **DENIED as moot**

**in part** and **DENIED without prejudice in part**.

IT IS FURTHER **RECOMMENDED** that the Motion for Sanctions [#58] be **GRANTED in part** and that the Unresponsive Plaintiffs be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 37 and 41(b).

IT IS FURTHER **ORDERED** that Attorney Kroeger's Motion to Join Docket Nos. 76 and 82 [#91] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Motions to Withdraw [#76, #82] are **DENIED as moot** as to Attorney Olson and **GRANTED** as to Attorneys Bachus, Calandra, and Kroeger, upon completion of the conditions outlined above, regarding Plaintiffs Juan Carlos Arrendondo, Rafael Castaneda, Carolina Cruz, Prudencia De La Rosa, Rosaura De Meraz, Maria Del Carmen-Salazar, Jose Espitia, Ramon Holguin, Maria Jaco, Claudia Javier, Ana Melgar, Jose Juan Ramirez, Marisela Romero, Jose Luis Sanchez, Marisela Sayago, Irma Skinner, Miguel Toledo, Adelia Valdez, Juana Martinez, Raymond Valdez, and Maria Lariz.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that the Unresponsive Plaintiffs from whom Attorneys Bachus, Calandra, and Kroeger are withdrawing shall have seventeen (17) days from the postmarked date of the letters sent from Plaintiffs' counsel in which to file their objections with the Court, if any, to this Recommendation.

Dated:  November 30, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge