IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02092-MSK-KLM

MARGARET MARTINEZ, et al.,

    Plaintiffs,

v.

NASH FINCH COMPANY, d/b/a Avanza Supermarket,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Class Certification Pursuant to Fed. R. Civ. P. 23** [Docket No. 49; Filed July 6, 2012] (the "Motion"). On November 23, 2012, Defendant filed a Response [#88]. On December 7, 2012, Plaintiffs filed a Reply [#99]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion was referred to this Court for appropriate disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#49] be **DENIED**.

### I. Background

Plaintiffs initiated this putative class action lawsuit against Defendant on June 22, 2011, naming eighty-three Plaintiffs[1] in the Amended Complaint [#3]. Defendant is a

---

[1] A Recommendation [#96] is currently pending that twenty-one of these Plaintiffs be dismissed.

corporation that owned and operated several Avanza Supermarket stores ("Avanza") in Colorado. *Am. Compl.* [#3] ¶¶ 17-18. Plaintiffs allegedly shopped at Avanza between June 2008 and March 2009, when Defendant used a pricing program called Shelf Plus 10. *Id.* ¶¶ 27-30. Under this program, Defendant charged customers the price for an item that was displayed on the shelf plus an additional ten percent at the register. *Id.* Plaintiffs aver that the advertisements, displays, and sales materials for this program misled them into believing they would receive a ten-percent discount at the register, not an additional charge of ten percent. *Id.* ¶ 30. Based on these allegations, Plaintiffs assert three causes of action: (1) violation of the Colorado Consumer Protection Act ("CCPA"); (2) fraud; and (3) civil theft. *Id.* ¶¶ 43-72. Estimating that a minimum of 33,652 people may have been misled by Defendant's advertising, Plaintiffs seek to certify this case as a class action pursuant to Fed. R. Civ. P. 23. *Motion* [#49] at 3 & 3 n.1.

## II. Standard

A district court possess broad discretion in determining whether a suit should proceed as a class action. *Fink v. Nat. Savings & Trust Co.*, 772 F.2d 951, 960 (D.C. Cir. 1985). A district court is required to engage in its own "rigorous analysis" regarding whether the requirements of Rule 23(a) have been satisfied. *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982). Plaintiffs bear the burden of proof on all requirements for class action certification. *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010).

## III. Analysis

A party seeking to certify a class bears the "strict" burden of proving that the requirements of Rule 23 have been met. *See Reed v. Bowen*, 849 F.2d 1307, 1309 (10th

Cir. 1988); *see also Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 381 (D. Colo. 1993). Specifically, Plaintiffs must establish each of the four requirements set forth in Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Cook*, 151 F.R.D. at 381.

In addition, a party seeking class certification must establish that the case falls within one of the subcategories provided in Rule 23(b). *Id.* These subcategories are: (1) that separate actions would create a risk of inconsistent adjudications resulting in conflicting consequences for Defendant or other putative class members; (2) that Defendant has acted on grounds that generally apply to the class; and (3) that common questions of law or fact predominate over individualized questions. *DG*, 594 F.3d at 1194.

**A.    The CCPA and Class Actions**

Defendant argues that Plaintiffs may not proceed on their CCPA claim in the form of a class action. *See Response* [#88] at 13. They base their argument on an Order issued by the District Judge on August 13, 2012, after Plaintiffs had filed the present Motion. *See Opinion and Order Granting, in Part, Motion to Dismiss* [#57]. Plaintiffs respond by arguing that the District Judge's decision should be reconsidered in light of cases decided after those on which she based her decision, *i.e.*, *Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274, 278 (Colo. App. 1993). *See Reply* [#99] at 2-3 (citing *Garcia v. Medved Chevrolet*, 263 P.3d 92 (Colo. 2011); *Briggs v. Am. Nat. Property & Cas. Co.*, 209 P.3d 1181 (Colo. App. 2009)). Plaintiffs also argue that the District Judge's

decision was based on the fact that each Plaintiff was pursuing his or her own rights and that no class certification had yet been sought. *Reply* [#99] at 3 n.2.

The Order on which Defendant relies is the District Judge's ruling on Defendant's Motion to Dismiss [#14]. In part, Defendant argued that C.R.S. § 6-1-113(2) was the exclusive statutory basis for private remedies under the CCPA, but that this provision expressly precludes damages in a class action. *See Motion to Dismiss* [#14] at 17. Plaintiffs, who seek only damages and not injunctive or declaratory relief in their Amended Complaint, [#3] at 167, conceded in their Response to the Motion to Dismiss that they were precluded from recovering statutory or treble damages or attorney's fees in a class action suit under the CCPA. *Order* [#57] at 9. They argued, however, that they could receive actual damages. *Id.*

The District Judge engaged in a thorough analysis of the parties' positions and agreed that the statute precludes recovery of any monetary damages, actual or otherwise. *See Order* [#57] at 9-13. She began the discussion by assuming that a class would be certified in this matter. *See id.* at 9 n.5. Proceeding under that assumption, she determined that "the CCPA creates no statutory liability for a defendant in a private class action" and, therefore, that Plaintiffs could not seek an award of actual damages. *See id.* at 12-13. However, the District Judge noted that, at the time the Motion to Dismiss was filed, Plaintiffs had not yet sought class certification. *Id.* She stated that, in such context, "the full panoply of CCPA remedies (and full scope of liability) appears to be at issue." *Id.* The District Judge therefore denied Defendant's Motion to Dismiss the CCPA claim on that basis.

Although the Order was issued in mid-August 2012 and Plaintiffs filed the present

Motion seeking class certification in early July 2012, Plaintiffs did not file a motion seeking reconsideration of the District Judge's decision. The undersigned is not inclined to conduct a *de facto* reconsideration of the District Judge's analysis on this issue. The cases cited by Plaintiffs in their Reply brief, *Briggs v. American National Property and Casualty Co.* and *Garcia v. Medved Chevrolet*, were both issued prior to the completion of the briefing on Defendant's Motion to Dismiss and neither explicitly undermines the District Judge's ruling. Moreover, Plaintiffs' Amended Complaint seeks only damages, not any of the other remedies available under the CCPA. The District Judge's previous Order is the law of the case on the issue of whether Plaintiffs may recover such damages. *See Arizona v. California*, 460 U.S. 605, 618 (1983) (stating that the law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). Therefore, under these circumstances and based on the District Judge's analysis of the issue, the Court finds that Plaintiffs' claim pursuant to the CCPA may not be pursued in a private class action lawsuit, and therefore the Court **recommends** that Plaintiffs' Motion be denied as to certification of a class on Plaintiffs' CCPA cause of action.

**B.    Rule 23(a) Requirements**

The Court next turns to the question of whether the Rule 23(a) class action requirements are met concerning Plaintiffs' civil theft and fraud causes of action.

**1.    Numerosity**

The Court first examines whether Plaintiffs have met the numerosity requirement of Rule 23(a)(1). *See, e.g.*, *Folks v. State Farm Mut. Auto Ins. Co.*, 281 F.R.D. 608, 616 (D. Colo. 2012). To establish this element, "[t]he burden is upon plaintiffs seeking to represent

a class to establish that the class is so numerous as to make joinder impracticable." *Folks*, 281 F.R.D. at 616 (quoting *Peterson v. Okla. City Housing Auth.*, 545 F.2d 1270, 1273 (10th Cir. 1976)). Determining whether the plaintiffs have met this element is not subject to a "set formula;" it is a "fact-specific inquiry." *Folks*, 281 F.R.D. at 616 (quoting *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006)).

At the time Plaintiffs filed the instant Motion, there were 83 named Plaintiffs in this action. *Motion* [#49] at 7. Plaintiffs direct the Court's attention to Defendant's Notice of Removal, in which Defendant asserts that their records show there were 1,211,492 transactions during the class period. *Notice of Removal* [#1] ¶ 14. Plaintiffs also assert that the average number of times a customer shopped at Defendant's stores during the class period was four times per month. *Id.* Based on these numbers, Defendant estimates a minimum of 33,652 potential class members. *Id.* Plaintiffs do not contest these numbers but assert that the number of potential class members may be much higher, because Defendant's calculations were based on the highest number of average visits per month as set forth in Plaintiffs' Amended Complaint. *Motion* [#49] at 3 n.1.

Defendant does not explicitly deny that Plaintiffs have met the numerosity requirement, although it does argue that the class is overly broad and unascertainable. *See Response* [#88] at 15. However, as the District Judge wrote in another case: "If the Court were to find the Plaintiffs . . . overestimated the number of potential class members by a whopping 90%, that would still leave more than 100 potential class members, a number that certainly prevents effective joinder here." *A-W Land Co., LLC v. Anadarko E&P Co. LP*, No. 09-cv-02293-MSK-MJW, 2012 WL 4463869, at *5 (D. Colo. Sept. 27, 2012). In this case, a ninety-percent error in the estimate of 33,652 potential class

members would leave more than 3,300 class members, a number that would also effectively prevent joinder here. Accordingly, the Court finds that Plaintiffs have met their "strict burden" in demonstrating that the numerosity requirement is met. *See Reed*, 849 F.2d at 1309.

### 2.    Common Questions of Law or Fact

The Court next turns to the common-question requirement of Rule 23(a)(2). For class members to share at least one common question of law or fact, they must "possess the same interest and suffer the same injury." *DG*, 594 F.3d at 1195; *Trevizo v. Adams*, 455 F.3d 1155, 1163 (10th Cir. 2006) (citing *Gen. Telephone Co. v. Falcon*, 457 U.S. 147 (1982)). Class members do not need to share both common questions of law *and* common questions of fact. *See J.B. ex rel Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999)). "For a common question of law to exist, the putative class must share a discrete legal question of some kind." *Id.* at 1289.

Plaintiffs' Motion and Reply discuss the case law behind this element at length without providing the Court with a clear picture of the specific questions of law or fact that are at issue in this case. *See Motion* [#49] at 8-12; *Reply* [#99] at 8-14. Plaintiffs' argument reflects a misunderstanding of this element of the class-certification process. Commonality does not hinge on the degree of similarity among the Plaintiffs or their causes of action. As the District Judge has stated in another matter, "[t]he crux of the commonality examination is not simply whether there are commonalities among the potential class members, but rather, whether a classwide proceeding will be efficacious in 'generat[ing] common **answers** apt to drive the resolution of the litigation.'" *A-W Land Co.*, 2012 WL 4463869, at *3 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)

(emphasis in original)).

The Amended Complaint [#3] provides a slightly clearer, but equally unhelpful, picture of the common questions of law and fact asserted by Plaintiffs. In connection with their claims of civil theft and fraud, it provides:

> Except as to the amount of damages each member of the Class has by himself or herself sustained, as to which there is considerable commonality or readily quantifiable differences, all other questions of law and fact are completely common to the Class, including but not limited to: (1) whether Defendant committed Civil Theft; [and] (2) whether Defendant committed fraud . . . .

*Am. Compl.* [#3]. Plaintiffs therefore assert that the common questions of law are whether Defendant is liable for the alleged illegal conduct. Again, Plaintiffs misunderstand the law on this point. Mere recitation of the disputed legal cause of action does not support a finding that the proposed class members share a common question of law. *See Wal-Mart Stores*, 131 S. Ct. at 2551 (stating that commonality means more than merely suffering violations of the same provisions of law); *see also J.B. ex rel Hart*, 186 F.3d at 1289 (stating that simply alleging a systemic violation of various laws does not automatically meet the requirements of Rule 23(a)(2)). Although Plaintiffs blandly aver that their causes of action satisfy the commonality requirement, the Court's thorough review of the pleadings has not resulted in locating any unequivocal statement regarding the common *questions* of law and/or fact at issue with respect to the claims for civil theft or fraud.

The Court finds, however, that aside from the obvious common questions of law present here ("Did Defendant commit theft?" "Did Defendant commit fraud?") which cannot be the basis for finding that the commonality requirement is met under *Wal-Mart*, there are certain other common questions of fact relating to Plaintiffs' claims, like whether Defendant advertised the items purchased by Plaintiffs under the Shelf Plus 10 program and whether

-8-

Defendant added ten percent to the price of each item at the register. Because the issue regarding the element of common questions of law or fact is whether "a classwide proceeding will be efficacious in generating common answers apt to drive the resolution of the litigation," the Court finds that the commonality requirement is met as a result of these common questions of fact. *See Reed*, 849 F.2d at 1309.

### 3. Typicality

In order to establish the third element of Rule 23(a), Plaintiffs must demonstrate that their individual claims are typical of the class members they seek to represent. *Folks*, 281 F.R.D. at 617. Rule 23(a)(3) states that typicality is met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." In other words, "[a] prerequisite for certification is that the class representatives be part of the class and possess the same interest and suffer the same injury as class members." *Folks*, 281 F.R.D. at 617-18 (quoting *Rector v. City & Cnty. of Denver*, 348 F.3d 935, 949 (10th Cir. 2003)). Individual disparities with respect to remedies, which Plaintiffs concede exist, will not defeat the typicality-of-representatives requirement. *See Folks*, 281 F.R.D. at 618; *Am. Compl.* [#3] at 7.

Defendants argue that there are too many factual variables to find that the typicality requirement is met. *Response* [#88] at 42-43. However, this requirement of Rule 23(a) simply mandates that the representatives' individual claims are typical of the claims of the class members they are seeking to represent. *Rector*, 348 F.3d at 949 (citing Fed. R. Civ. P. 23(a)(3). Here, there is no question that, at least as to civil theft and fraud, the claims raised by Plaintiffs are identical to those of other class members. Further, there is no question that Plaintiffs have allegedly suffered the same injury, *i.e.*, monetary loss in

-9-

similarly-based transactions. *See, e.g.*, *Folks*, 281 F.R.D. at 618. Although there are individualized disparities concerning the amount of damages each Plaintiff might obtain, Plaintiffs have shown that they are "part of the class and suffered the type of injury common to the class," which is all that the typicality element requires. *See id.* "Each claim is based on the same legal theories and involves the same injury suffered by the class." *Clay v. Pelle*, 2011 WL 843920, at *4 (D. Colo. Mar. 8, 2011). Accordingly, the Court finds that Plaintiffs meet this element of Rule 23(a).

### 4. Fair Representation

Finally, the Court determines whether the fair-representation requirement of Rule 23(a) has been satisfied. In order to do so, Plaintiffs must show that the class representatives will fairly and adequately protect the class interests. *Folks*, 281 F.R.D. at 618 (citing Fed. R. Civ. P. 23(a)(4)). The Tenth Circuit has mandated that two questions must be asked in making this determination: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Folks*, 281 F.R.D. at 618 (quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180 (10th Cir. 2002)).

There is no apparent conflict of interest between Plaintiffs and proposed class members, and thus the first question is answered in the negative. Turning to the second question, Defendant avers that Plaintiffs' counsel failed to adequately explain the lead Plaintiff's obligations to Margaret Martinez ("Martinez"). *Response* [#88] at 44. However, even assuming *arguendo* that Defendant's assertion is true, Plaintiffs' counsel's alleged failure to properly advise the lead Plaintiff about her obligations is only one component of vigorous prosecution and does not overcome the substantial evidence of vigorous activity

by counsel to prosecute the case.

Whether the named Plaintiffs will prosecute the action vigorously on behalf of the class is a different matter, however. The Court has already recommended the dismissal of twenty-one of the named Plaintiffs for failure to prosecute. *See Recommendation* [#96] at 10. Defendant has presented evidence that the first-named, lead Plaintiff in this matter, Plaintiff Martinez, has little idea of what a class action entails or of what her duties as a class representative may be. *See Response* [#88] at 44 (citing *Depo. of Martinez* [#88-24] at 50-53). Plaintiffs reply that Defendant has "cherry-picked" one Plaintiff who is "not a legal scholar who has full command of the intricacies of a class action lawsuit." *Reply* [#99] at 16. However, based on Plaintiff Martinez's deposition testimony, it is difficult to conclude that she has even the most rudimentary understanding of class action litigation. Plaintiffs' broad statements that the named Plaintiffs will be fair representatives because "they have common interests with the members of the potential class" and "will vigorously prosecute the interests of the class through qualified counsel" do nothing to demonstrate to the Court that *Plaintiffs* will do so or are capable of doing so. If the issue of whether Plaintiffs will vigorously prosecute the case could be determined by reference to the actions of their counsel on their behalf, the second question posed by the Tenth Circuit in *Folks* would not refer to "plaintiffs" at all. Moreover, even after Defendant "cherry-picked" one Plaintiff who does not understand this litigation, Plaintiffs did not reply by demonstrating to the Court that any other named Plaintiff in this action does, in fact, have even the most basic understanding of class action litigation.

Thus, based on these considerations, the Court finds that Plaintiffs have not met their "strict burden" of demonstrating that they meet the fair-representation element of a

class action lawsuit.  *See Reed*, 849 F.2d at 1309.

Although the Court therefore finds that Plaintiffs have not met all of the requirements of Rule 23(a), it addresses the parties' arguments involving Rule 23(b) in the interest of completeness.

**C.     Rule 23(b) Requirements**

In order for a class action to be certified, Plaintiffs must satisfy not only the requirements of Rule 23(a), but also one of the requirements of Rule 23(b).  Plaintiffs seek certification only pursuant to Rule 23(b)(3).  *Motion* [#49] at 15.  Rule 23(b)(3) states, in part, that the Court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

In its Rule 23(a) commonality discussion above, the Court found that there were obvious, but nevertheless immaterial, questions of law that the putative class members have in common ("Did Defendant commit theft?" "Did Defendant commit fraud?"), as well as common fact questions such as whether Defendant advertised the items purchased by Plaintiffs under the Shelf Plus 10 program and whether Defendant added ten percent to the price of each item at the register.  However, turning to the predominance issue of Rule 23(b)(3), the Court notes that both a civil theft claim and a fraud claim involve intensely individualized applications of the law to the facts of each Plaintiff's transactions.  *See, e.g.*, *J.B. ex rel Hart*, 186 F.3d at 1288 (stating that "[t]he diverse situations of the named plaintiffs show there is no question of fact common to the class").  For example, to establish a claim for civil theft under Colorado law, a plaintiff must demonstrate, in part, that the property was obtained without authorization, which means that each separate transaction

by each separate Plaintiff must be examined to determine whether each Plaintiff did or did not authorize each transaction. *See Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000); *see also Order* [#57] at 15 (discussing the "without authorization" requirement for this cause of action). Further, to establish a claim for fraud under Colorado law, a plaintiff must demonstrate, in part, that he or she relied on the defendant's alleged misrepresentation or omission, which again requires examination of each transaction by each individual Plaintiff and consideration of the circumstances surrounding each, including, for example, whether each Plaintiff saw the advertisements, how each Plaintiff interpreted the advertisements, whether each Plaintiff relied on the advertisements in making his or her purchases, whether each Plaintiff asked questions of store personnel, what, if anything, each Plaintiff was told, and whether each Plaintiff's reliance on the advertisements continued after any such discussion. *See Nelson v. Gas Res. Inst.*, 121 P.3d 340, 344 (Colo. App. 2005); *see also Order* [#57] at 13-14 (discussing the reliance requirement for this cause of action).

Hence, there are two types of fact questions at issue in this case, both of which relate to the stated causes of action. There are the overarching questions relating to whether the items purchased by Plaintiffs were subject to the allegedly fraudulent advertising program, and there are the myriad other questions relating to the details of each Plaintiff's individual transactions. Because the issue regarding the class-certification element of predominance is whether "questions of law or fact common to class members predominate over any questions affecting only individual members," the Court cannot find that the predominance requirement is met. *See Folks*, 281 F.R.D. at 619. At the end of the day, the circumstances of each transaction by each Plaintiff will predominate in determining whether Defendant is liable for theft or fraud. Simply stated, a classwide

proceeding is not likely to generate common answers to these myriad questions, except to the extent that there are coincidences between the many transactions allegedly at issue (the same items purchased, purchases made on the same dates, transactions handled by the same sales people, identical or nearly identical conversations between Plaintiffs and sales people, etc.). The mere potential existence of such coincidences does not compel a finding that the common questions of law or fact predominate to such an extent that a class action is a superior method of adjudicating this controversy. *See, e.g.*, *Folks*, 281 F.R.D. at 619-620 (finding that, despite the presence of common questions of law and fact, such questions did not predominate and that a class action was not a superior method of resolving the issues in the case).

Accordingly, the Court finds that Plaintiffs fail to meet the requirements of Rule 23(b)(3).[2]

### IV. Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#49] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

---

[2] Because the Court finds that Plaintiffs have not met the requirements of Rule 23(a) or Rule 23(b), it need not address the parties' arguments in connection with class definition and notice to putative class members.

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 30, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge