**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 11-cv-02092-MSK-KLM**

**MARGARET MARTINEZ;
MARIA ELENA CASTONON;
JORGE DOMINGUEZ RAMIREZ;
MARIA BERENICE CRUZ RAMOS;
ROSA BAUTISTA;
PEDRO ROMAN;
TEODORO RUEDA;
MARTHA GARCIA;
GENOVEVA RODRIGUEZ;
MARIA DURAN;
REFUGIO DE LA CRUZ;
JUAN RODRIGUEZ;
EVA DE LA CRUZ;
BARBARA JOJOLA;
LETICIA SILVA;
MARIA CHAVEZ EGUIA;
ALFREDO LEDEZMA;
JORGE TERRAZA MONTOYA;
MARIA NIEBLAS;
JOSE ARRENDONDO;
MARIA VALASQUEZ;
CARMEN BERMUDEZ;
PATRICIA CASTANEDA;
MARIA TRINIDAD OSORIO;
TINA MONTEZ;
DORA LIZ CRUZ;
MAYRA CARMONA;
LETICIA JIMINEZ;
MAURICIO CACCIA;
RITA ORALIA SIERRO;
LORENZO POSADA;
MARIA MONTOYA;
ROCIO AGUILERA;
MARIA RAMIREZ;
OSCAR PEREZ;
JUVENAL TORRES;
CONSUELO TORRES;
HILDA CORDIAL;
NANCY CRUZ RAMOS;
ESPERANZA RAMOS PADILLA;**

**TANIA ANDRADE REYES;**
**HERIBERTO MARTINEZ;**
**CYNTHIA MARTINEZ;**
**TANIA MARTINEZ;**
**SERGIO SOSA, JR.;**
**FELIPE CERVANTES;**
**SUSANA ORELLANA;**
**LUIS GARCIA;**
**ROSA BOTELLO;**
**MARIA DEL CARMEN CONTRERAS;**
**GLORIA FERNANDEZ;**
**JAVIER HERNANDEZ;**
**LIDIA JAIME CARDENA;**
**ESMERALDA OSEGUERA MARTINEZ;**
**REYNA MORALES;**
**GUSTAVO JACO;**
**MARIO MOLINA;**
**MARCO CHAVEZ;**
**YANIRA JACO;**
**ANGEL BANUELOS;**
**CESAR YANEZ; and**
**MAGDALENA GARCIA,**

      **Plaintiffs,**

**v.**

**NASH FINCH COMPANY, d/b/a Avanza Supermarket,**

      **Defendant.**

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the Defendant Nash Finch Company's Motion for Summary Judgment **(#109)**. The Plaintiffs collectively filed a Response **(#113)** to the motion, and the Defendant replied **(#117)**.

### I. Jurisdiction

The Court exercises jurisdiction over this matter pursuant to 28 U.S. C. § 1332.

1

## II.  Material Facts

Having reviewed the record and the submissions of the parties, the material facts pertinent to the motion are as follows.

The Plaintiffs are all individuals who shopped at Avanza grocery stores in Colorado from June 2008 through March 2009.  The Defendant is a wholesale food distributor who, during the relevant time period, owned and operated the Avanza grocery stores at issue here.

When the Defendant owned them, the Avanza grocery stores were specialty food stores geared toward Hispanic shoppers.  The stores offered a large variety of traditional Hispanic food, displayed signs and advertisements in Spanish and English, ran Spanish radio and television advertisements, and employed individuals who spoke both Spanish and English.

From June 2008 to April 2009, the Defendant ran a pricing program in its Avanza stores called "Shelf Plus 10."  Some of the Defendant's promotional materials for the program included the phrase, "A Great Way to Save – Plus 10% at the Register."  The Plaintiffs allege that they understood the promotional material to mean that the posted prices would be reduced by 10% at the register, resulting in a 10% savings.  The reality, however, was precisely the opposite — at the register, the posted or advertised prices were increased by 10%.

The Plaintiffs assert three claims:  (1) violation of the Colorado Consumer Protection Act (CCPA), C.R.S. § 6-1-101 *et seq.*, in that the Defendant's representations were deceptive and misleading as to the prices of its goods; (2) common-law fraud under Colorado law, on the same basis as claim one; and (3) civil theft under C.R.S. § 18-4-405, in that the Defendant obtained money from the Plaintiffs by deception.

The Defendant moves for summary judgment on each of the Plaintiffs' three claims.

### III. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material

fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**IV. Analysis**

A. CCPA Claims

To establish their CCPA claims, the Plaintiffs must establish the following elements: (1) Avanza engaged in a practice deemed deceptive under the statute; (2) the practice occurred in the course of Avanza's business; (3) the practice significantly impacted the public as actual or potential consumers of Avanza's goods; (4) the Plaintiffs suffered an injury in fact; and (5) the deceptive trade practice was the cause of the injury. *HealthONE of Denver, Inc. v. United Health Group, Inc.*, 805 F.Supp.2d 1115, 1120 (D.Colo. 2011).

The CCPA prohibits a wide variety of "deceptive trade practices," including "advertise[ing] goods . . . with intent not to sell them as advertised," "mak[ing] false or misleading statements of fact concerning the price of goods," and "fail[ing] to disclose material information concerning goods . . . which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction." C.R.S. § 6-1-105(1)(i), (l), (u). The Plaintiffs allege that the Defendant engaged in each of these practices.

The Defendant moves for judgment in its favor, arguing that the Plaintiffs cannot prove that it knowingly or intentionally engaged in a deceptive trade practice, or that the alleged practice caused the Plaintiffs' injuries.

A CCPA claim will only lie if the plaintiff can show that the defendant knowingly engaged in a deceptive trade practice. *Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006). The CCPA "provides an absolute defense" to a misrepresentation caused by negligence or an honest mistake. *Id.* Thus, liability depends on knowledge or intent existing at the time of the advertising conduct and the damage that results from the conduct. The CCPA does not create liability for those who intend to live up to the pronouncements of their advertisements, but are negligent in action despite those intentions. *Id.*

It is undisputed that the Defendant implemented a "Shelf Plus 10" pricing program and that some of its promotional materials during the program included the phrase "A Great Way to Save – Plus 10% at the Register." It is also undisputed that during the program, the Defendant charged Avanza customers 10% more than the prices posted on the shelf. On this evidence alone, a reasonable jury could find that the Defendant's practices were misleading as to what it would actually charge for its products. A plausible reading of the "great way to save — plus 10%" language is that the Defendant was promising an additional 10% savings. Further, a reasonable jury could find that the pricing program and advertisements were implemented with the intent to gain more customers and revenue. It could be inferred from the Defendant's use of an unorthodox pricing model, coupled with promotional language that tends to obscure that policy, that the Defendant expected and intended for its customers to misunderstand the nature of the policy. Thus, when viewing the evidence in the light most favorable to the Plaintiffs, the Court finds that the issues of whether the Defendant's conduct constituted a "deceptive trade

practice," and whether the Defendant acted with the necessary intent, both require a trial. Summary judgment is therefore inappropriate on those bases.

The Court now turns to the Defendant's argument that the Plaintiffs cannot establish that the alleged practices caused their injuries.

"Reliance often provides a key causal link between a consumer's injury and a defendant's deceptive practice." *Garcia v. Medved Chevrolet, Inc.*, 263 P.3d 92, 98 (Colo. 2011). Here, the Plaintiffs collectively assert that they relied on either the promotional signage or the posted shelf prices when shopping at Avanza. However, only six Plaintiffs have come forward with evidence, consisting of their own deposition testimony, of their reliance on the Defendant's practices. Plaintiffs Alfredo Ledezma, Maurico Caccia, Maria Nieblas, and Pedro Medina testified that they believed the Defendant's promotional materials to mean that they were saving 10% when shopping at Avanza. Plaintiff Refugio de la Cruz testified that he initially thought he was receiving a 10% discount, but then realized he was being charged 10%. After he knew about the charge, he continued to shop at Avanza because it was convenient. Finally, Plaintiff Eva de la Cruz testified that she looked to the prices on the shelf when making her purchases and that the surcharge did not matter to her because she needed the merchandise and Avanza was convenient.

Viewing the evidence submitted in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs Ledezma, Caccia, Nieblas, Medina, and Refugio de la Cruz have come forth with sufficient evidence of causation, and therefore a trial on their CCPA claims is required. Based on their testimony that they believed they were receiving a 10% discount when they shopped at Avanza, a reasonable jury could infer that the Defendant's alleged practices influenced these Plaintiffs' shopping decisions, and therefore caused the Plaintiffs' injuries.

As to Plaintiff Eva de la Cruz, the Court finds that on the evidence she submitted, a reasonable jury could not conclude that the Defendant's alleged practices caused her injuries. Indeed, Plaintiff Eva de la Cruz admits that she always knew she was being charged 10%, and that she continued to shop at Avanza because it was convenient. She also testified that she understood the signage to mean that she would be charged 10%, and therefore she never believed that she would save 10% at the register. Because Plaintiff Eva de la Cruz failed to come forward with sufficient evidence of causation, she has not established every element of her claim. Thus, the Defendant is entitled to judgment in its favor on her CCPA claim. Similarly, the Defendant is entitled to judgment in its favor on the CCPA claims of the remaining 56 Plaintiffs who failed to come forward with any evidence whatsoever on the element of causation.

### B. Common-law Fraud

To establish a claim for common-law fraud under Colorado law, the Plaintiffs must establish that (1) Avanza made a false representation of fact or an omission of material fact, (2) that the representation or omission was made to induce the Plaintiffs to act or with the intention that it be acted upon, and (3) that damage was sustained in reliance on, or in consequence of, the false or deceptive representation. *Nelson v. Gas Research Inst.*, 121 P.3d 340, 343 (Colo. App. 2005). A false representation is any word or conduct that creates an untrue or misleading impression of a past or present fact in the mind of another. *Id.* Common elements of all fraud actions are that the plaintiff justifiably relied upon the representation or omission and that this reliance resulted in damages. *Id.*

The Defendant seeks judgment in its favor on the Plaintiffs' fraud claims. It argues that the Plaintiffs cannot prove that the alleged representation or omission was false or misleading,

that the representation was made to induce the Plaintiffs to act, or that the Plaintiffs relied on the representation or omission.

The Court finds that there is sufficient evidence upon which a reasonable fact finder could find in favor of the Plaintiffs on the first two elements of their fraud claims. As noted above, the Defendant's promotional language is susceptible to an interpretation that it was promising a 10% savings, not a 10% surcharge. Further, a jury could infer that the Defendant made such representation with the intent that its customers would shop there. Thus, a trial is required on the issues of whether the representations were false or misleading and whether they were made to induce the Plaintiffs to act.

As to the third element of reliance, however, the Plaintiffs rely on the same evidence they submitted in support of their CCPA claims — specifically, the testimony of six Plaintiffs that they believed they were saving 10% or paying only the shelf prices. For the reasons discussed above, the Court finds that the evidence submitted on behalf of Plaintiffs Alfredo Ledezma, Maurico Caccia, Maria Nieblas, Pedro Medina, and Refugio de la Cruz is sufficient such that a reasonable jury could infer that these Plaintiffs relied on the Defendant's alleged misrepresentations to their detriment. Thus, a trial is required on these Plaintiffs' claims for common law fraud.

As to the Plaintiff Eva de la Cruz's fraud claim, the Court finds, as it did above, that the evidence submitted on her behalf is insufficient to establish reliance. Because she has not established every element of her fraud claim, the Defendant is entitled to judgment in its favor. Similarly, the Defendant is entitled to judgment in its favor on the fraud claims of the remaining 56 Plaintiffs who failed to come forward with any evidence whatsoever on the element of reliance.

### C. Civil Theft

The Court now turns to the Plaintiffs' claims for civil theft under C.R.S. § 18-4-405. The statute provides that "the owner [of property obtained by theft, robbery, or burglary] may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property." To establish a claim for civil theft, the Plaintiffs must show that Avanza obtained control over their property in circumstances amounting to "theft, robbery, or burglary." Such theft may occur where a person simply takes another's property without authorization, or where, as alleged here, the person deceptively obtains the owner's authorization to take the property. *West v. Roberts*, 143 P.3d 1037, 1040 (Colo. 2006).

The Defendant argues that the Plaintiffs' civil theft claims are time-barred, and therefore judgment must enter in its favor on these claims. On this affirmative defense, the Defendant has the burden of proof. It must establish facts demonstrating the accrual of the claims, the applicable statute of limitations, and its expiration prior to the filing of this suit. *Crosby v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1279, 1283 (Colo. App. 2010).

It is undisputed that civil theft claims are subject to a two-year statute of limitation, *Maez v. Springs Automotive Grp.*, 268 F.R.D. 391, 395 (D.Colo. 2010), and that this action was commenced in the Colorado District Court for Denver County on June 20, 2011. Thus, the issue is one of accrual of the Plaintiffs' claims. The claims are timely only if they accrued on or after June 20, 2009.

C.R.S. § 13-80-108 generally governs the question of accrual of claims. Whether a civil theft claim under C.R.S. § 18-4-405 is characterized as "a cause of action for injury to person [or] property," § 13-80-108(1), or whether under the circumstances here it is better described as "a cause of action for fraud, misrepresentation, concealment, or deceit," § 13-80-108(3), is

9

largely immaterial.  In either circumstance, the cause of action accrues on the date that the injury or deceit "is [known/discovered] or should have been [known/discovered] by the exercise of reasonable diligence."  Thus, the Plaintiffs' civil theft claims accrued at the point in time in which the Plaintiffs either knew or discovered that they were being charged an additional 10% on their purchases, or at the time that they reasonably should have known or discovered that fact.

The Defendant has submitted evidence showing that 23 Plaintiffs had actual knowledge of the 10% surcharge while the pricing program was in effect:

- Plaintiffs Maurico Caccia, Javier Hernandez-Martinez, Esmeralda Oseguera-Martinez, Refugio de la Cruz, Eva de la Cruz, and Esperanza Ramos-Padilla admitted or testified that they were aware they were being overcharged because they looked at their receipts.

- Plaintiffs Rocio Aguilera, Jose Arrendondo, Rosa Bautista, Mayra Carmona, Maria del Carmen Contreras, Maria Duran, Maria Chavez Eguia, Gustavo Jaco, Maria Nieblas, Rita Oralia-Sierra, Lorenza Posada, Maria Ramierz, Nancy Cruz Ramos, Pedro Roman, Teodoro Rueda, Leticia Silvas, and Juvenal Torres admitted or testified that before the pricing program ended in April 2009, they were aware that they were being charged an additional amount or that they spoke to an Avanza employee about the charge.

The Plaintiffs do not dispute this evidence.  Because the evidence establishes that the 23 listed Plaintiffs actually knew they were being charged an extra 10% before the pricing program ended, their claims necessarily accrued before June 20, 2009.  Thus, the civil theft claims of the 23 listed Plaintiffs are time-barred.

As to the remaining Plaintiffs, the Defendant argues that they should have known of their injury prior to the end of the pricing program because the surcharge was evident on sales receipts given to customers when they check out.  The evidence establishes that a 10% surcharge was displayed on customer's sales receipts during the Shelf Plus 10 program.  The surcharge appeared as an indented line item labeled "10% PLUS."  More importantly, the surcharge appears as an additional charge rather than a discount — there were no negative symbols or parentheses used that would indicate a subtraction.

The Plaintiffs have not submitted any evidence to dispute the facts established by the Defendant.  Accordingly, the Court finds that there are no genuine disputes of material fact on this issue.  In applying the law to the undisputed facts, the Court finds that the remaining Plaintiffs, by the exercise of reasonable diligence, should have known that they were being charged an additional 10% on the date they made their purchases and received a receipt.  Because the Plaintiffs' injuries had to have occurred during the time that the Shelf Plus 10 program was running, their claims necessarily accrued before June 20, 3009.  Accordingly, the Court finds that the Plaintiffs' claims for civil theft are time-barred, and judgment must enter in favor of the Defendant.

## V. Conclusion

For the forgoing reasons, the Defendant's Motion for Summary Judgment **(#109)** is **GRANTED IN PART AND DENIED IN PART**.  The motion is GRANTED in its entirety, with the exception of the CCPA claims and fraud claims asserted by Plaintiffs Alfredo Ledezma, Maurico Caccia, Maria Nieblas, Pedro Medina, and Refugio de la Cruz.  With regard to those claims, the motion is DENIED.  Judgment shall enter in favor of the Defendant on all claims asserted by the other 57 named Plaintiffs, and on all civil theft claims.  The caption shall be amended to omit reference to all Plaintiffs other than Plaintiffs Alfredo Ledezma, Maurico Caccia, Maria Nieblas, Pedro Medina, and Refugio de la Cruz.

The parties shall begin preparation of a Proposed Pretrial Order pursuant to the previously-issued Trial Preparation Order (#29) and shall jointly contact chambers to promptly schedule a Pretrial Conference.

Dated this 26th day of September, 2013.

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              Chief United States District Judge